**SO ORDERED.**

**SIGNED this 24 day of July, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

MILO J. KARHU II
and CYNTHIA S. KARHU,

    DEBTORS.

CASE NO. 12-00615-8-JRL

CHAPTER 7

_____

## ORDER

This matter came before the court on the trustee's motion to compel turnover and delivery of property to the trustee and objection to debtors' claim of exemptions filed by the trustee. A hearing was held on July 18, 2012 in Wilmington, North Carolina.

## BACKGROUND

Milo ("male debtor") and Cynthia Karhu ("female debtor")(collectively, "debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 25, 2012. The § 341 meeting of creditors was held on February 27, 2012. At that meeting, the female debtor disclosed that her mother died on February 15, 2012, and by virtue of her mother's death, the female debtor, as a beneficiary, became entitled to an interest in an annuity formerly owned by her mother. On February 28, 2012, the debtors filed an amended schedule C-1 claim of

exemptions, which did not address the annuity.  The trustee investigated the annuity and determined that the female debtor is a designated beneficiary of an Individual Flexible Premium Variable Annuity Contract between the female debtor's mother and Hartford Life and Annuity Insurance Company ("Hartford").  As a result of his investigation, the trustee discovered that the estate's interest in the annuity is valued at approximately $4,232.65.  The debtors received their discharge on April 30, 2012.

On May 17, 2012, the trustee filed a motion to compel Hartford to turnover funds constituting the value of the annuity to which the estate was entitled.  On June 4, 2012, the debtors filed an objection to the trustee's motion to compel turnover, indicating that they would amend their schedules to exempt up to $4,999.00 of the annuity under the female debtor's wildcard exemption.  On June 10, 2012, the female debtor filed amended schedules B and C.  The amended schedule B added the "Female Debtors unknown interest in deceased mother's Hartford Life and Annuity insurance policy" and valued the annuity as "unknown."  The amended schedule C claims a $4,999.00 exemption in the annuity asset, pursuant to the female debtor's wildcard exemption.  The trustee contends that the debtors' share of the annuity constitutes property of the bankruptcy estate to which the trustee is entitled, and the trustee requests an order requiring Hartford to turnover and deliver to the trustee funds in the amount of the female debtor beneficiary's share of the contract value of the annuity.  On June 19, 2012, the trustee filed an objection to exemptions, claiming that the trustee and the estate would be prejudiced by the debtors' knowing delay in scheduling and asserting an exemption in the annuity.

In response, the debtors state that they intend to turn over all of the annuity proceeds with

the exception of $4,999.00. Further, the debtors contend that they will amend their schedules to exempt the female debtor's interest in her deceased mother's annuity in the amount of $4,232.65, pursuant to N.C. Gen. Stat. § 1C-1601(a)(2). At the hearing, the debtors argued that they were not acting in bad faith in their delay and did not know the exact amount of the female debtor's interest in the annuity to amend the schedules.

## DISCUSSION

Rule 1009 of the Federal Rules of Bankruptcy Procedure provides, "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." FED. R. BANKR. P. 1009. Rule 1009 is generally understood to allow a debtor to amend the claim of exemptions. See In re Cudeyro, 213 B.R. 910, 915 (Bankr. E.D. Pa. 1997). "Under a plain reading of Rule [1009], a court ordinarily does not have discretion to deny leave to amend or to require a showing of good cause." Tignor v. Parkinson, 729 F.2d 977, 978 (4th Cir. 1984). Nevertheless, as recognized in *Tignor*, "exceptional circumstances such as bad faith on the part of a debtor or prejudice to the trustee or creditors may prevent the debtor in bankruptcy from amending the petition or schedules." In re Agee, 456 B.R. 740, 743 (Bankr. M.D.N.C. 2011). "Prejudice has also been found to accrue where a debtor exhibits 'inordinate delay' in amending his exemption schedules." Cudeyro, 213 B.R. at 920. Further, "an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate." In re Scott, Case No. 00-10993C-7G, 2002 WL 1284281 (Bankr. M.D.N.C. June 3, 2002).

In the present case, the female debtor timely disclosed her interest in her deceased mother's annuity at the § 341 meeting on February 27, 2012. However, the female debtor

delayed the filing of her amended schedules for nearly four months. On June 10, 2012, the female debtor filed amended schedules B and C. The amended schedule B added the "Female Debtors unknown interest in deceased mother's Hartford Life and Annuity insurance policy" and valued the annuity as "unknown." The amended schedule C claims a $4,999.00 exemption in the annuity asset, pursuant to the female debtor's wildcard exemption. The failure timely to amend schedules created a fiduciary duty on the part of the trustee to investigate the female debtor's interest in the annuity and led to significant time and expense in the diligent administration of the bankruptcy estate by the bankruptcy trustee. Given these facts, the court finds that the female debtor's untimely amendment to her schedules was prejudicial to the trustee in the diligent administration of the estate, and therefore, the trustee's objection to the debtors' claim of exemptions should be sustained.

## CONCLUSION

Based on the foregoing, the trustee's objection to the debtors' claim of exemptions is **SUSTAINED**. The trustee's motion to compel turnover and delivery of the proceeds of the annuity by Hartford Life and Annuity Company to the trustee is **GRANTED.**

**END OF DOCUMENT**